IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br>v.<br><br>BREVARD COUNTY, FLORIDA,<br><br>     Defendant. | Civil Action No. _____<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff, the United States of America ("United States"), by the undersigned attorneys, alleges as follows:

1. This civil action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, and 1345.

3. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

4. Defendant Brevard County, Florida ("Defendant" or "County") is a governmental body established pursuant to the laws of Florida and is located within this judicial district.

5. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Deidre Jackson ("Jackson") filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 510-2016-00733) on or about November 23, 2015, alleging that Defendant discriminated against her in employment based on her race (Black). Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge, found reasonable cause to believe Jackson was subjected to discrimination on the basis of her race, attempted unsuccessfully to achieve resolution of this matter through conciliation, and subsequently referred the charge to the Department of Justice.

7. All conditions precedent to this lawsuit have been performed or have occurred.

## FACTUAL ALLEGATIONS

8. From March 2007 until May 2015, Jackson was employed by the Defendant as a Communications Specialist at the Florida Space Coast Office of Tourism ("Tourism Office" or "Office"), the department of County government charged with promoting the County as a tourist destination.

9. During her eight-year tenure as a County employee in the Tourism Office, Jackson had an exemplary work record. Jackson received only positive ratings in written performance evaluations, including the highest possible rating of "exceptional" in her last evaluation, for the period from October 1, 2013 to September 30, 2014, and was never disciplined.

10. In November 2014, Eric Garvey ("Garvey"), who is white, was hired as the Director of the Tourism Office. At that time, the Office had about 13 employees, all of whom were white, except for Jackson and Kalina Subido-Person ("Subido-Person"), an Asian-American.

11. Before being hired as Tourism Office Director, Garvey had never worked for the Tourism Office or the County, and had never worked with Jackson.

12. During the period Jackson worked under Director Garvey, he documented no performance or conduct problems on her part, and he never told Jackson of any concerns in her performance or in the way she performed her job duties.

13. Throughout Jackson's tenure in the office with Garvey, he noticeably avoided interacting with her during the work day.  The Tourism Office employees all worked together in the same contiguous workspace; however, Garvey avoided conversing or interacting with Jackson while he regularly and routinely conversed and interacted with the white employees every day.  Before terminating her, Garvey met with her only twice in his office:  the first time to introduce himself and the second time to briefly chat about job duties.

14. On or about April 30, 2015, Garvey summoned Jackson to a meeting in his office, with no advance notice of the meeting or its purpose.  At their meeting, Garvey communicated to Jackson that she was terminated.  Garvey told Jackson that she did not fit what his vision of what he wanted the Office to look like and there was no place for her in the Office.  Garvey also told Jackson that he wanted her gone in 14 days.  When Jackson asked Garvey if there was anything wrong with her job performance, Garvey answered "no."  At the meeting, Garvey provided Jackson with no specific reason for her termination.  Their meeting lasted no more than several minutes.

15. Defendant never notified Jackson of any reason for her termination in a termination letter or other writing.

16. Jackson's termination from the Tourism Office was effective on May 15, 2015.

17. On or about April 30, 2015, the same day Garvey terminated Jackson, Garvey also met with Subido-Person, a 25-year employee of the Tourism Office with a history of positive evaluations and no disciplines, and told her if she did not resign she would be terminated. Subido-Person thereafter resigned from the Tourism Office. Later, in January 2019, Subido-Person filed a lawsuit against the County in state court, alleging racially discriminatory termination in violation of the Florida Civil Rights Act of 1992. According to Subido-Person's lawsuit, Garvey gave her no reasons for her termination, nor did any legitimate reasons exist.

18. During Garvey's four-year tenure as Director of the Tourism Office, Jackson and Subido-Person were the only employees who were terminated.

19. After terminating Jackson and Subido-Person, the Tourism Office had only white employees.

20. After terminating Jackson, at the end of 2015, Garvey hired two white individuals from outside the Tourism Office, Jeanna Wood and Deborah Webster, to replace Jackson in the Office and perform her duties.

21. Upon information and belief, since Jackson and Subido-Person were terminated, the County has only hired white individuals to work in the Tourism Office.

## CLAIM FOR RELIEF

### COUNT I
### Disparate Treatment Based on Race

22. The United States repeats and incorporates by reference the factual allegations set forth in paragraphs 1 - 21.

23. At times relevant here, Defendant discriminated against Jackson on the basis of race (Black), in violation of Section 703(a) of Title VII, when it terminated her employment with the Tourism Office in 2015.

WHEREFORE, the United States prays that this Court grant the following relief:

A. Provide make-whole relief to Jackson, including backpay and reinstatement to her former job with accompanying benefits and retroactive seniority, to compensate her for the loss she has suffered as a result of Defendant's discriminatory conduct alleged in this Complaint;

B. Award Jackson any prejudgment interest on the amount of lost wages and benefits determined to be due;

C. Award damages to Jackson to fully compensate her for pain and suffering caused by Defendant's discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

D. Award such additional relief as justice may require, together with the United States' costs and disbursements in this matter.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a.

Date:  July 27, 2020

Respectfully submitted,

       ERIC S. DREIBAND
       Assistant Attorney General
       Civil Rights Division

BY:   /s/ Louis Whitsett
       DELORA L. KENNEBREW, Chief
       (GA Bar No. 414320)
       KAREN D. WOODARD, Principal Deputy Chief
       (MD Bar / No Bar Number issued)
       LOUIS WHITSETT, Senior Trial Attorney
       (DC Bar No. 257626)
       U.S. Department of Justice
       Civil Rights Division
       Employment Litigation Section
       4 Constitution Square, Room 9.1138
       Washington, D.C.  20002
       Telephone: (202) 305-0942
       Facsimile: (202) 514-1005
       Email:  Louis.Whitsett@usdoj.gov

       Attorneys for Plaintiff United States of America

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Brevard County, Florida

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Brevard County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Delora Kennebrew, Karen Woodard, Louis Whitsett; U.S. Dept. of Justice; Civil Rts. Div. (ELS); 4 Const. Square, Rm 9.1138; 150 M St, NE; Washington, DC 20002; (202) 305-0942

Attorneys *(If Known)*
Michael Bowling; Bell & Roper, P.A.; 2707 East Jefferson Street; Orlando, FL; (407) 897-5150

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- [X] 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 USC Section 2000e, et seq.

Brief description of cause:
Discriminatory termination of employment based on race (Black)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/27/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Louis Whitsett

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.